IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GARY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  24-cv-1011 |
| | ) |
| TOWANDA COMMUNITY FIRE | ) |
| PROTECTION DISTRICT, | ) |
| BRETT LUESCHEN, and | ) |
| GREGG EBERS, | )   **Plaintiff Demands Trial by Jury.** |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, GARY SMITH, by and through his attorneys, JULIE L. GALASSI, BRYANT S. LOWE and HASSELBERG, ROCK, BELL & KUPPLER, LLP, states the following for his COMPLAINT:

## PARTIES

1. Plaintiff, Gary Smith ("Smith"), resides in McLean County, Illinois.

2. Defendant, Towanda Community Fire Protection District ("District"), is located in McLean County, Illinois.

3. Defendant, Brett Lueschen ("Lueschen"), resides in McLean County, Illinois.

4. Defendant, Gregg Egbers ("Egbers"), resides in McLean County, Illinois.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this matter pursuant to 42 U.S.C. section 1983.

1

6.    The Central District of Illinois is the proper venue for this matter pursuant to 28 U.S.C. section 1391(b)(1) and (2), because the District is located in McLean County and the events giving rise to Smith's claims occurred in the Central District of Illinois, Peoria Division.

## FACTUAL ALLEGATIONS

7.    The District hired Smith to work as a fire fighter in June 2021.

8.    Smith had previously worked as a Battalion Fire Chief for the City of Bloomington for 30 years.

9.    Lueschen is the Chief of the District.

10.    Egbers is the President of the District's Board of Trustees.

11.    The By-Laws of the District provide for progressive discipline of misconduct by fire fighters and terminations without cause are prohibited.

12.    On August 9, 2022 Smith met with Chief Lueschen and Assistant Chief Jeff Showalter ("Showalter").

13.    Lueschen and Showalter claimed another fire chief had complained about Smith and requested Smith's resignation.

14.    Smith refused to resign, so he was handed a termination letter dated August 3, 2022 and signed by Lueschen. The termination letter stated, in part, that Smith had engaged in other acts of misconduct and falsely stated that the allegations of misconduct had been discussed that day.

15.    Smith objected to the manner in which Lueschen and Showalter were addressing an alleged complaint against him as violating the Fireman's Disciplinary

2

Act (50 ILCS 745). The Act prohibits a fireman from being subjected to questioning in relation to an allegation of misconduct without having been first informed in writing of the allegations and whether the allegations, if proven, involve minor infractions or may result in removal, discharge or suspension. The Act further requires a fireman be provided the names of the complainants and all information necessary to reasonably apprise the fireman of all information necessary to reasonably inform the fireman of the nature of the charges and the preparation of a defense.

16.     Smith sent a letter to the District's Board of Directors, Joel White, Phillip Richards and Gregg Egbers, challenging his dismissal.

17.     In a letter dated September 1, 2022, Egbers, the Board President, advised Smith that Board of Trustees of the District would conduct a meeting on October 6, 2022 to discuss Smith's appeal letter, review his dismissal and determine whether to affirm, modify or overrule Smith's dismissal.

18.     At the October 6, 2022 meeting, Egbers handed out an unsigned letter on the Towanda Fire Department letter head that was dated July 17, 2022. The letter, titled "Gary Smith Dismissal of the Towanda Fire Department," contained 9 allegations of misconduct, 8 of which were false.

19.     Prior to October 6, 2022, the only allegation of misconduct Smith had been told about was that a fire chief had complained about him, minutes before he was terminated.

3

20.    After Lueschen read the contents of the July 17, 2022 letter, the Board trustees adjourned the public meeting and went into executive session. Upon White, Richards and Egbers' return to open session, they voted to affirm Lueschen's decision to terminate Smith. Egbers then asked for comment and Smith stated he had issues with the protocol used. The meeting, that had lasted 35 minutes, was then adjourned.

21.    Smith was deprived of a fair and impartial hearing on October 6, 2022. One or more of the false allegations Smith was presented with were in fact made by District Board President Egbers.

<u>COUNT I</u>
<u>VIOLATION OF SMITH'S DUE PROCESS RIGHTS BY THE DISTRICT</u>

22.    Smith realleges and incorporates paragraphs 1-21 into Count III.

23.    42 U.S.C. 1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . 42 U.S.C. § 1983.

24.    The Fourteenth Amendment to the United States Constitution states that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

25.    Smith had a property interest in continued employment with the District.

4

26.    The District deprived Smith of that interest without due process, as Smith was not provided with either a pre-depravation or post-depravation hearing as required by law.

27.    The District was acting under the color of State law, as it purported to be acting under Illinois' Fireman's Disciplinary Act and, as a segment of a municipality, purported to be exercising the limited governmental powers that were provided to it by State law when it deprived Smith of that interest without due process.

28.    As a direct and proximate cause of the aforementioned acts of the District, Smith suffered financial losses.

WHEREFORE Plaintiff, GARY SMITH, respectfully requests that this Court enter judgment in his favor and against Defendant, Towanda Community Fire Protection District and grant the following relief:

    A.  Compensatory damages;

    B.  Damages for emotional distress; and

    C.  Attorney's fees, interest, costs and such further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT II
## VIOLATION OF SMITH'S DUE PROCESS RIGHTS BY LUESCHEN

29.    Smith realleges and incorporates paragraphs 1-25 into Count II.

30.    Lueschen was personally involved in the deprivation, as he violated Smith's due process rights in violation of 42 U.S.C. § 1983 by depriving Smith of the

5

pre-deprivation hearing Smith is entitled to by law and by setting in motion the series of events which he knew or should have known would inflict constitutional injury when he gave Smith an ultimatum.

31. Lueschen was acting under the color of State law, as he misused his authority as Chief of the District and represented that his position as Chief gave him the power to terminate Smith.

32. As a direct and proximate cause of the aforementioned acts of Lueschen, Smith suffered financial losses.

WHEREFORE Plaintiff, GARY SMITH, respectfully requests that this Court enter judgment in his favor and against Defendant, Brett Lueschen, and grant the following relief:

    A. Compensatory damages;

    B. Damages for emotional distress; and

    C. Attorney's fees, interest, costs and such further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

## COUNT III
## VIOLATION OF SMITH'S DUE PROCESS RIGHTS BY EBERS

33. Smith realleges and incorporates paragraphs 1-25 into Count I.

34. Egbers was personally involved in the deprivation, as he violated Smith's due process rights in violation of 42 U.S.C. § 1983 by depriving Smith of the

impartial post-deprivation hearing Smith is entitled to by law. Further, setting in motion the series of events which he knew or should have known would inflict constitutional injury when he filed a false complaint against Smith.

35.    Egbers was acting under the color of State law, as he misused his authority as Board President, which is a position clothed with power due to State law.

36.    As a direct and proximate cause of the aforementioned acts of Egbers, Smith suffered financial losses.

WHEREFORE Plaintiff, GARY SMITH, respectfully requests that this Court enter judgment in his favor and against Defendant, Gregg Egbers, and grant the following relief:

      A. Compensatory damages;

      B. Damages for emotional distress; and

      C. Attorney's fees, interest, costs and such further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

           Gary Smith,
           Plaintiff

By: /s/ *Julie L. Galassi*
     JULIE L. GALASSI, ARDC No. 6198035
     HASSELBERG, ROCK, BELL & KUPPLER, LLP
     Associated Bank Building, Suite 200
     4600 N. Brandywine Drive
     Peoria, Illinois 61614
     Tel:     (309) 688-9400
     Fax:    (309) 688-9430
     Email:  jgalassi@hrbklaw.com
              blowe@hrbklaw.com
              aswearingen@hrbklaw.com